IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GUY ALLEN, § | |
|     Petitioner, § | |
| § | |
| v. § | C.A. NO. NO. 10-cv-00651 |
| § | CAPITAL HABEAS CORPUS |
| RICK THALER, DIRECTOR, § | DEATH PENALTY CASE |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
|     Respondent. § | |

**SUPPLEMENTAL APPLICATION FOR
POST-CONVICTION WRIT OF HABEAS CORPUS BY
A PERSON SENTENCED TO DEATH**

GUY ALLEN, currently confined on death row in the Texas Department of Criminal

Justice,

Institutional Division, asks this Court to find that his conviction for capital murder and sentence

of death be vacated and that this Court issue a Certificate of Appealability pursuant to 28 U.S.C.

§ 2254, Anti-Terrorism and Effective Death Penalty Act.

## INTRODUCTION

This Supplemental Habeas Petition is being filed pursuant to this Court's order of March

20, 2012, instructing Mr. Allen to file a supplemental habeas petition addressing issues raised by

the Supreme Court's decision of March 20, 2012 in *Martinez v. Terkel,* 032012, FEDSC 10-

1001. Mr. Allen incorporates by reference all factual legal and factual matters contained in his

previously filed habeas petition.[1]

---

[1] In his original habeas petition filed in this case, Mr. Allen raised issues regarding *Martinez v. Ryan,* which was pending at the time the original habeas petition was filed. .

1.        **The Impact of *Martinez v. Ryan***

In *Martinez*, the Supreme Court addressed the issue of whether or not a habeas petitioner can raise issues of ineffective assistance of counsel in federal habeas proceedings where, under state law, ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims, if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. In *Martinez*, the Supreme Court recognized that:

> Allowing a federal habeas court to hear a claim of ineffective assistance at trial when an attorney's errors (or an attorney's absence) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that a collateral proceeding, if undertaken with no counsel or ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 68 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel is a substantial one, which is to say that the prisoner must demonstrate that the laim has some merit. Cf. *Miller-El v. Cockrell*, 537 U.S. 322 (2003)(describing standards of certificates of appeaility to issue).

*Martinez*, Slip opinion, March 20, 2012, 032012 FEDSC, 10-1001.

The Supreme Court reached its conclusion that under certain circumstances a prisoner must be permitted to raise otherwise defaulted claims in federal habeas review where equity dictates that it is the only remedy for reaching judicial review of substantial claims that for reasons beyond the control of the prisoner, the could not have been raised on direct appeal or were not raised on direct appeal due to attorney error or state procedural grounds.

      A.    *Mr. Allen's Ineffective Assistance Of Trial Counsel Claims Were Inappropriate To Raise On Direct Appeal*

In this case, as in all others that implicate the holding in *Martinez*, the State will no doubt argue that under Texas criminal procedural rules, a prisoner can raise ineffective assistance of counsel claims on direct appeal. What the State will most likely fail to recognize or acknowledge is that the Texas State court procedural rules, well established case law, and general practice, make a direct appeal the inappropriate and disfavored avenue of relief in post-conviction litigation. The Texas Court of Criminal Appeals has made it very clear that it does not consider claims couched in terms of habeas relief that might involve the need to have a development of factual grounds that have not been fully done in the lower court during the trial proceedings so that those facts are part of the appellate record, are better left for an independent habeas proceeding. *Cannon v. State*, 252 S.W. 342, 349-50 (Tex.Crim.App. 2009). Citing to an earlier Texas Court of Criminal Appeals decision in *Bone v. State*, 77 S.W. 3d 828, 833 (Tex.Crim.App. 2002), the Texas Court of Criminal Appeals stated:

> In the usual case in which an ineffective-assistance claim is made, 'the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional.

*Cannon*, 252 S.W. 2d at 349.

The Texas Court of Criminal Appeals has made it clear that it strongly believes that a direct appeal of a criminal conviction and/or sentence is an inherently inappropriate proceeding to raise claims of ineffective assistance of trial counsel because of the limitations of direct appeal to the record making it impossible to present a fully developed habeas claim. The Texas Court of Criminal Appeals stated:

> A substantial risk of failure accompanies an appellant's claim of ineffective assistance of

counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation. [5] In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App.1998). To defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State,* 928 S.W.2d at 500. "Indeed in a case such as this, where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record." *Jackson v. State,* 973 S.W.2d at 957. [6]

The record in the case at bar is silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay. Therefore, appellant has failed to rebut the presumption this was a reasonable decision. "Failure to make the required showing of ... deficient performance ... defeats the ineffectiveness claim." *Strickland v. Washington,* 104 S.Ct. at 2071. An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions--whether those actions were of strategic design or the result of negligent conduct.

\* \* \* \* \* \*

We do not agree with the Court of Appeals' apparent holding that this failure to act amounted to an error sufficiently egregious to satisfy the first prong of Strickland as a matter of law. It is possible, given the artful questions employed by the prosecutor, appellant's counsel at that moment may have reasonably decided that the testimony was not inadmissible and an objection was not appropriate. For an undetermined reason, counsel did not object, and only further inquiry will provide the information necessary to make the proper determination whether he provided the effective assistance envisioned under the Sixth Amendment.

We are not deciding on this direct appeal, therefore, that appellant did or did not receive the effective assistance of counsel during trial. Instead, we are unwilling to affirm the Court of Appeals conclusion that, with the record provided, appellant successfully defeated the strong presumption that the decisions of counsel during trial fell within the wide range of reasonable professional assistance. See *Strickland v. Washington,* 104 S.Ct. at 2065; *Delrio v. State,* 840 S.W.2d 443, 447 (Tex.Crim.App.1992).

Recourse for appellant's claim is still available. This Court has held that the general doctrine that forbids an application for writ of habeas corpus after direct appeal has addressed the issue does not apply in these situations, and appellant can resubmit his

> claim via an application for writ of habeas corpus. See *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998), cert. denied, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999) ; *Ex Parte Torres,* 943 S.W.2d 469, 475 (Tex.Crim.App.1997). This would provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at that juncture of trial. Specifically, a hearing would allow trial counsel himself to explain why no objection was voiced during the proceedings.

9 S.W. 3d at 314-315.

      B.     *Mr. Allen Can Satisfy the Cause Prong Under Martinez v. Ryan*

In *Martinez* the Supreme Court reiterated the point that is fundamental to the criminal justice system, that a defendant must be provided with effective assistance of counsel. Quoting from the earlier, seminal opinion in *Gideon v. Wainright*, 372 U.S. 335, 344 (1963), in *Martinez* the Supreme Court stated that, "It is deemed as an 'obvious truth' the idea that 'any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him.' ... Indeed, the right to counsel is the foundation for our adversary system. *See Martinez, supra.*

After Mr. Allen was convicted, he was appointed an attorney to represent him in his mandatory direct appeal. The direct appeal attorney did not raise issues of ineffective assistance of counsel, as it both the custom in Texas capital cases, and the preferred course per the rulings of the Texas Court of Criminal Appeals. The claims raised by Mr. Allen's State habeas petition and this federal petition were more appropriately raised outside the direct appeal process and are therefore subject to a review under *Martinez.*

The State trial court appointed Alexander Calhoun to represent Mr. Allen in the habeas proceedings following his conviction. Mr. Calhoun filed a habeas petition pursuant to Tex. Code Crim. Pro. Art. 11.071 on April 19, 2006. Mr. Calhoun prepared and filed a habeas corpus

petition in the State courts raising claims that are both appropriate for post-conviction habeas review and, many claims regarding guilt and innocence and the Fourth Amendment that were clearly not particularly viable either because the actual facts of the case were such that the claims were simply not relevant or because the claims would have no viability in a federal habeas which should have been anticipated given the extremely rare number of instances that the Texas Court of Criminal Appeals has granted relief to a person convicted of capital murder and sentenced to death.

   In the State habeas proceedings, Mr. Calhoun raised an ineffective assistance of trial counsel claim for trial counsel's lack of preparation of a mitigation case to present to the jury which was somewhat general in nature. The State trial court considering the habeas petition conducted a limited evidentiary hearing that involved the taking of testimony from the two attorneys who had represented Mr. Allen at trial. While Sixth Amendment right to counsel claim that was stated in the State habeas petition related largely to the issue of whether or not trial counsel had been ineffective for their failure to develop and present a mitigation case by conducting a thorough investigation of Mr. Allen's background to producing a broader range of evidence than what was actually presented, the attorneys testimony during the habeas hearing revealed how little work that either attorney actually did in preparing any aspect of the original trial, allowing many other aspects of the trial attorneys conduct to basically be tried by consent of the State even if the specifics of their conduct had not been spelled out in detail in the habeas petition itself. What the habeas evidentiary hearing testimony dramatically revealed was that throughout the preparation and presentation of Mr. Allen's defense at trial, neither of his attorneys were engaged in carrying out their professional duties to prepare and zealously present a defense in both the

guilt/innocence phase and the punishment phase.[2]

On August 25, 2010 the Texas Court of Criminal Appeals denied habeas relief and it is from that decision that Mr. Allen now files this habeas petition in the federal courts pursuant to 28 U.S.C. §2254.

Although Mr. Allen believes that the generalized claim of ineffective assistance of trial counsel along with the evidentiary hearing held in the State court was sufficient to adequately put the state courts and the State on notice of any more specific factual basis of the claim as it has been raised in Mr. Allen's habeas petition, to the extent that the more specific pleadings in this habeas petition give rise to a question of whether the claim was defaulted by State habeas counsel was clearly would not have been by design and strategy in that there would be no reasonable basis for State habeas counsel to purposely default viable claims so that they cannot be raised in a federal habeas proceeding. These claims have been raised in Mr. Allen's Federal habeas petition.

In response to the federal habeas petition that has been filed in this case, the State has challenged Mr. Allen's right to raise his claims of ineffective assistance of counsel in the more specific, point-by-point manner in which they have been raised by arguing that the claims were defaulted in the State habeas proceeding. Based on *Martinez*, the determination of whether or not there was a default is left to this Court to decide after a full determination of whether or not there was cause and prejudice by the actions or inactions of Mr. Calhoun, Mr. Allen's state

---

[2] Given some of the facts in the case, the extent to which Mr. Allen's trial counsel could present an aggressive defense on issues of guilt/innocence are admittedly limited however what is clear is that the attorneys did nothing to prepare a defense case during the punishment phase. If anything, the facts related to guilt/innocence only highlight the very little effort that trial counsel made on Mr. Allen's behalf during the punishment phase, where an attorney acting reasonably and professionally would have recognized their efforts were most critical if trying to convince jurors to spare Mr. Allen's life.

habeas counsel, who did not raise the ineffectiveness claims in the point-by-point fashion that they are now being raised. To the extent that the claim that was raised in State habeas is insufficient to encompass the claims raised herein, the failure to raise the claims in the proper manner were through no personal fault of Mr. Allen but due to the ineffectiveness of his habeas counsel who could have raised the claims individually, pointing to specific facts and developing a habeas record in the State court to establish a point-by-point showing that trial counsel was ineffective in a way that would have clearly established that trial counsels ineffective performance caused Mr. Allen prejudice.

In *Martinez*, the Supreme Court specifically held that an attorney's negligence in post-conviction litigation is cause enough for the Federal courts open the federal habeas proceedings to consider ineffective assistance of trial and appellate counsel that could have been raised in the State habeas proceedings. Here, it is not clear exactly why Mr. Calhoun did not raise ineffective assistance of counsel that have been raised here in a specific fact based manner that is usually required by the habeas courts to warrant consideration. To the extent that the State's arguments concerning default and a failure to exhaust the claims in the State habeas proceedings have any merit, the failure to incorporate those claims was due to the negligent conduct of Mr. Calhoun and does not lie in any failure directly chargeable to Mr. Allen since he had no control over the State habeas petition that was filed on his behalf or the means to have filed a more comprehensive State habeas petition. *See Martinez v. Ryan, slip opinion*.

To the extent that this Court determines that there might be some reasonable, tactical, strategic basis for Mr. Calhoun's approach to preparing the State habeas petition, that question must be resolved after a hearing or at a minimum, a deposition, can be held so that Mr.

Calhoun's motives can be determined while subject to challenge through cross-examination. It would be inappropriate to simply accept the State's arguments that Mr. Calhoun's work was not negligent or the product o a specific strategy and tactic, perhaps by a State effort to bolster that argument through an affidavit filed by Mr. Calhoun explaining his work. Any affidavit by Mr. Calhoun that offers an excuse for not raising specific claims would be self-serving and of the type of testimony that is routinely rejected by both the state and federal courts in all other litigation.

    C.    *Mr. Allen's Federal Habeas Petition Raises Substantial Claims That Demand A Full And Fair Review That Has Previously Not Happened Through No Fault Or Mr. Allen*

In *Martinez*, while the Supreme Court recognized the very important point that during a State habeas proceeding a petitioner has a right to effective assistance of counsel when it comes to raising ineffective assistance claims against earlier trial and appellate counsel, the Supreme Court limited the instances to when a Federal court will review previously defaulted claims to those claims where there was cause for not raising them and where the claims are substantial. *See Martinez v. Ryan, slip opinion.*

In *Martinez*, the Supreme Court made it clear that before a Federal trial court can consider what are considered previously unexhausted or defaulted ineffective assistance claims under a *Strickland v. Washington,* 466 U.S. 668 (1984), the petitioner must demonstrate that the claim has some merit. *Miller-El v. Cockrell,* 537 U.S. 322 (2003). In *Martinez,* the Supreme Court made it clear that in situations like the one this Court is now confronted with, the issue of whether or not the claims that the State *argues* are unexhausted and therefore defaulted is a different determination of whether or not there was actual ineffective assistance of trial and/or

appellate counsel. Under *Martinez,* in order for Mr. Allen to have the right to proceed with establishing the underlying ineffective assistance of trial/and or appellate counsel, he must make a showing of cause and that his ineffective assistance of counsel claims are "substantial" and have some merit, not necessarily reaching the level of proof required to establish satisfy the "prejudice" prong under *Strickland*.

In the Corrected Federal Habeas Petition previously filed in this matter and incorporated herein by reference, Mr. Allen has set forth a number of instances of ineffective assistance of counsel that would each, standing alone, be more than sufficient in seriousness to reach the "substantial" level ineffectiveness to meet the threshold standards set forth in *Martinez,* warranting a full and fair review by this court under *Strickland, Wiggins v. Smith*, 539 U.S. 510 (2003), *Rompilla v. Beard*, 545 U.S. 374 (2005), and all other applicable law to determine. [3]

**CONCLUSION**

The conviction and death sentence against Mr. Allen was obtained in clear violation of the U.S. Constitution. Pursuant to the Supreme Court's recent holding in *Matinez v. Ryan* and for the reasons stated in Mr. Allen's Corrected Federal Habeas Petition previously filed in this case, Mr. Allens' rights under the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution were violated consistently and flagrantly throughout the trial and he is entitled to relief from both his conviction and death sentence.

---

[3] To avoid unnecessary repetition of what are extensive discussions concerning the many ways in which Mr. Allen's previous attorneys failed to provide the constitutionally mandated effective assistance of counsel, the undersigned refers this Court to the previously filed Corrected Habeas Petition, limiting this Supplemental Petition to a discussion of the applicability of of *Martinez* on the case as it is not situated. In the event that there is some need to completely restate the underlying ineffective assistance claims, Mr. Allen asks that this Court provide adequate time to do so and grant leave to amend this Supplemental Petition.

        Respectfully submitted,

        /s/ ROBERT M. ROSENBERG

        ROBERT M. ROSENBERG Attorney-At-Law
        Texas State Bar No. 17272100 3303 Main Street,
        Ste. 305 Houston, Texas 77002
        (832)816-2955-Telephone
        (713)528-4888-Facsimile attyrose3@gmail.com

        ATTORNEY FOR PETITIONER,
        GUY LEN ALLEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email to Matthew Ottaway in the Office of the Attorney General for the State of Texas, at his email address of Matthew.Ottaway@oag.state.tx.us on the 20th day of April 2012 through the Court's electronic filing system.

        /s/ ROBERT M. ROSENBERG